UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

UNITED STATES OF AMERICA

v.                                    Case No. 3:04-cr-373-J-99HTS

VINCENT MEAD

------------------------------------

## O R D E R

On March 17, 2005, the Court entered an Order (Doc. #13; Order) requiring that Defendant be examined to determine if he is competent to continue with the proceedings herein.[1] See United States v. Avery, 328 F.Supp.2d 1269, 1272 (M.D. Ala. 2004) (explaining pretrial-detainee competency procedures in 18 U.S.C. § 4241 should be applied in supervised-release context). Pursuant to 18 U.S.C. §§ 4241 and 4247, the Court appointed Dr. Alan J. Harris, an expert in the field of psychology, to conduct an examination, Order at 1; Second Order at 1, and Defendant was examined by Dr. Harris on May 27, 2005. See Government Exhibit 1 at 1. At the conclusion of the examination, Dr. Harris submitted a report to the Court dated June 1, 2005. Id. In the report, Dr. Harris diagnosed Defendant as having bipolar disorder, possible attention deficit hyperactivity disorder, pedophilia, and a "[m]ixed personality

---

[1] Defendant was allegedly late for the exam, resulting in a need for rescheduling. United States' Motion to Continue Defendant Mead's Competency Hearing (Doc. #21; Motion to Continue) at 2; see also Order (Doc. #22) (granting Motion to Continue); Order (Doc. #42; Second Order) (rescheduling exam).

disorder with paranoid and antisocial traits[.]" *Id.* at 4. He concluded Mr. Mead "lacks present sufficient ability to consult with his counsel with a reasonable degree of rational[] as well as factual understanding of the proceedings against him." *Id.*

On June 7, 2005, a hearing was held to permit Dr. Harris to testify regarding Defendant's competence. During the hearing, Dr. Harris testified it would be difficult for Defendant to communicate in a coherent manner, and he would have difficulty working with his attorney to his own benefit and assisting in his defense. It was Dr. Harris's opinion that, in his current state, Defendant is not competent to proceed.

Based on Dr. Harris's report and testimony at the hearing, the Court finds by a preponderance of the evidence that Defendant is presently suffering from a mental disease or defect rendering him mentally incompetent to the extent he is unable to assist properly in his defense, and is, therefore, not competent to proceed at this time.

Accordingly, pursuant to 18 U.S.C. § 4241, Defendant is committed to the custody of the Attorney General, or his duly authorized representative, who shall hospitalize Mr. Mead for treatment in a suitable facility for "a reasonable period of time, not to exceed four months, as is necessary to determine whether there is a substantial probability that in the foreseeable future"

competence will be restored, and any additional reasonable period of time permitted under Section 4241(d)(2).

The custodian of Defendant shall file status reports with the Court. Copies of the reports should be furnished to James H. Burke, Esquire (counsel for Defendant), at 200 W. Forsyth Street, Suite 1240, Jacksonville, Florida, 32202, and Don Pashayan, Assistant U.S. Attorney, at 300 N. Hogan Street, Suite 700, Jacksonville, Florida, 32202. The first report should be submitted no later than thirty (30) days from the date of Defendant's commitment to the designated facility, if the detention continues that long, and subsequent reports should be tendered every thirty (30) days thereafter.

The United States Marshal is directed to immediately transport Defendant to the institution designated for the purpose of this commitment by the most expeditious and direct means available.

**DONE AND ORDERED** at Jacksonville, Florida, this 7th day of June, 2005.

HOWARD T. SNYDER
United States Magistrate Judge

Copies furnished to:

United States Attorney (Pashayan)
Federal Public Defender (Burke)
U.S. Marshal