**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

UNITED STATES OF AMERICA

v.                                            Case No. 3:04-cr-373-J-20HTS

VINCENT MEAD
_____

**O R D E R**

On June 7, 2005, the Court entered an Order (Doc. #51) finding by a preponderance of the evidence that Defendant was then "suffering from a mental disease or defect rendering him mentally incompetent to the extent he [was] unable to assist properly in his defense[.]"  *Id.* at 2.  Therefore, it was determined he was not competent to proceed at that time.  *Id.*

Pursuant to 18 U.S.C. § 4241, Mr. Mead was committed to the custody of the Attorney General, or his duly authorized representative, and was hospitalized "for treatment in a suitable facility for 'a reasonable period of time, not to exceed four months, as [was] necessary to determine whether there [was] a substantial probability that in the forseeable future' competence [would] be restored[.]"  *Id.* at 2-3 (quoting 18 U.S.C. § 4241(d)(1)).

On January 20, 2006, the warden of the Federal Bureau of Prisons, U.S. Medical Center for Federal Prisoners, Springfield, Missouri, sent by facsimile a copy of a Forensic Report prepared by James K. Wolfson, M.D., staff psychiatrist.  The warden also

provided a copy of the Certificate of Competency (Certificate), the original of which has now been filed. *See* Doc. #57.

Thereafter, on January 25, 2006, a hearing was held relating to the issue of whether Mr. Mead is now competent. At the hearing, a Stipulation Regarding Competency of Defendant (Stipulation) was filed in open court. Attached to the Stipulation was a copy of Dr. Wolfson's report (Report). In the Report, the doctor stated Mr. Mead "demonstrated . . . adequate capacities to understand the nature and consequences of the proceedings against him, and . . . assist his attorney in his defense[.]" Report at 9. Therefore, he was found "with reasonable medical certainty [to be] competent to proceed with his case[.]" *Id.* Furthermore, the Certificate reflects the same determination was made by the Springfield, Missouri medical center staff.[1]

In the Stipulation, the parties agreed the Report could be used in determining Defendant's competency and no testimony or other evidence would be necessary. Stipulation at 1. Furthermore, Defendant stipulated he is competent to proceed. *Id.* at 2.

Accordingly, based on the foregoing, the Court finds Defendant has at the present time the sufficient mental ability to:

1. Consult with counsel with a reasonable degree of rational understanding; and

---

[1] The warden advised in the Certificate that his staff had examined the Defendant and he "ha[d] recovered to such an extent he [was] able to understand the nature and consequences of the proceedings against him and to assist properly in the defense of the claims brought against him[.]"

2.   Have a rational as well as factual understanding of the nature and consequences of the proceedings against him.

The Court finds Mr. Mead is not suffering from a mental disease or defect rendering him mentally incompetent to the extent he is unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense. Thus, he is competent to proceed with the case. Pursuant to 18 U.S.C. § 4241(e), Defendant is hereby discharged from the U.S. Medical Center for Federal Prisoners at Springfield, Missouri, and this matter will be set for a final revocation hearing.

**DONE AND ORDERED** at Jacksonville, Florida this 27th day of January, 2006.

                                  /s/          Howard T. Snyder
                                  HOWARD T. SNYDER
                                  UNITED STATES MAGISTRATE JUDGE

Copies to:

United States Attorney (Pashayan)
Federal Public Defender (Burke)
U.S. Marshal
Defendant